IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF TEXAS,

SAN ANTONIO DIVISION

| ELIZABETH FERNANDEZ | § | |
|---|---|---|
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:21-cv-00397 |
| | § | |
| HALVERSON FARMING D/B/A | § | |
| BLACK GOLD FARMS | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES, Plaintiff's Name, and files this, her Plaintiff's Original Complaint.

### A. PARTIES

1. Plaintiff, Elizabeth Fernandez, is an individual that is resident of the State of Texas.

2. Defendant, Halverson Farming d/b/a Black Gold Farms, is a corporation that is incorporated under the laws of the State of Texas. Defendant may be served with process by serving its registered agent, Steven K. New, at HWY. 7581 @ Beever Rd., Pearsall, Texas 78061.

### B. JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Venue is proper because a substantial part of

the events or omissions giving rise to the claim occurred in this District, and Defendant is subject to personal jurisdiction in Texas.

## D. CONDITIONS PRECEDENT

4. All conditions precedent have been performed or have occurred.

## E. FACTS

5. Plaintiff worked for Defendant in Frio County as a potato grater and shed worker.

6. Plaintiff is not exempt from the FLSA because he/she is paid on an hourly basis and should be compensated for appropriate wage/overtime.

7. Furthermore, potato graders and shed workers are not exempt under the 29 C.F.R.541.3(e) salary basis exceptions.

8. Plaintiff was employed by Defendant from January 2015 to June 2019.

9. Plaintiff was paid an hourly rate of $8.50, $9.00, $9.10 and $9.20. Plaintiff's overtime rate is $12.75, $13.50, $13.65, and $13.80.

10. During Plaintiff's employment with Defendant, Plaintiff worked approximately four hundred and ninety-two (492) overtime hours.

11. Defendant failed to pay Plaintiff one-and-one-half times her regular rate of pay for each hour worked over forty in a workweek.

12. Defendant paid Plaintiff her regular rate for each hour worked over forty in a workweek instead of one-and-one half times her regular rate.

13. These practices violate the provisions of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. As a result of these unlawful practices, Plaintiff suffered a loss of wages.

14. Defendant showed reckless disregard for the fact that their failure to pay Plaintiff appropriate overtime wage compensation was in violation of the law.

## CAUSE OF ACTION ONE — FAIR LABOR STANDARDS ACT: FAILURE TO PAY OVERTIME

25. Plaintiff repeats and re-alleges each and every allegation of Paragraphs 1-14 as if restated herein.

26. Defendant is an "employer" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(d), because it is a business operating and engaging in commerce within the United States. Defendant hires employees and compensates the employees on an hourly basis.

27. Plaintiff was an employee of Defendant for purposes of the Fair Labor Standards Act during times relevant to this Complaint.

28. Defendant failed to pay Plaintiff at the rate of one-and-a-half times their normal rate of pay, in excess of forty (40) hours) per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

29. Plaintiff is entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty (40) hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

30. Plaintiff is entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate, as appropriate compensation for all time spent in working for Defendant, which was wrongfully excluded by Defendant in calculating their compensable time.

31. The failure of Defendant to compensate Plaintiff for overtime work and regular work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

32. Plaintiff is entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

33. The work and pay records of Plaintiff in the possession, custody, and/or control of Defendant, and Defendant is under a duty pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to the regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiff requests an order of this Court requiring Defendant to preserve such records during the pendency of this action.

34. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## DAMAGES

35. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages.

37. Plaintiff suffered unpaid overtime in the amount of $6,798.67.

38. Plaintiff suffered liquidated damages in the amount of $13,587.34.

## ATTORNEY FEES & COSTS

39. Plaintiff is entitled to an award of attorney fees and costs under the FLSA, 29 U.S.C. §216(b).

## PRAYER

40. For these reasons, Plaintiff asks for judgment against Defendant for the following:

    a. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable (minimum wage/overtime) rate for each hour worked over forty;

    b. Judgment against Defendant that their violations of the FLSA were willful;

    c. An equal amount to the wage damages as liquidated damages;

    d. To the extent that liquidated damages are not awarded, an award of

prejudgment interest;

e. All costs incurred and reasonable attorney's fees for prosecuting these claims;

f. For such further relief as the Court deems just and equitable.

Respectfully submitted,

*MANEUL DIAZ LAW FIRM, P.C.*

By: /s/ Marie A. Galindo
*Marie A. Galindo*
*Texas Bar No. 24027382*
*5002 West Avenue*
*San Antonio, Texas 78213*
*E-mail: marieg@diazlf.com*
*Tel.: 210-245-6999*
*Fax: 972-330-2449*
*ATTORNEY IN CHARGE FOR*
*PLAINTIFF*, *ELIZABETH*
*FERNANDEZ*